# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| WBE, LLC, *et al.,* f/k/a EVERYTHING BUT WATER, LLC, *et al.*[1], | Case No. 09-10649 (MFW) |
| | (Jointly Administered) |
| Debtors. | |
| MONTAGUE S. CLAYBROOK, Chapter 7 Trustee for WBE, LLC, *et al.,* f/k/a EVERYTHING BUT WATER, LLC, *et al.*[1], | Adversary No. 11- |
| Plaintiff, | |
| v. | |
| OFFICE DEPOT, INC., | |
| Defendant. | |

**COMPLAINT OF MONTAGUE S. CLAYBROOK, CHAPTER 7 TRUSTEE FOR WBE, LLC, *et al.,* f/k/a EVERYTHING BUT WATER, LLC, *et al*., TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, 549 AND 550**

Montague S. Claybrook, Chapter 7 Trustee for WBE, LLC, *et al.,* f/k/a EVERYTHING BUT WATER, LLC, *et al.*[1], (collectively, the "Debtors"), by and through his counsel, FOX ROTHSCHILD LLP, brings this adversary proceeding pursuant to Fed. R. Bankr. P. 7001, to avoid and recover transfers pursuant to 11 U.S.C. §§ 547, 548, 549 and 550 and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding

---

[1] The Debtors are WBE, LLC (f/k/a Everything But Water, LLC) and UTBJAW, Inc. (f/k/a Just Add Water, Inc.).

arising under or arising in or related to a case under title 11 of the United States Code (the "Bankruptcy Code").

2. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (F) and (O).

3. Venue of this adversary proceeding is properly in the District of Delaware pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee (defined below) seeks to avoid and recover, pursuant to Sections 547, 548, 549 and 550 of the Bankruptcy Code, certain preferential transfers, fraudulent transfers and/or post-petition transfers that the Debtors made to the Defendant (defined below).

## PARTIES AND BACKGROUND

5. Plaintiff is Montague S. Claybrook, Chapter 7 Trustee (the "Trustee") for the estate of the Debtors.

6. Office Depot, Inc. (the "Defendant") is an individual, corporation, limited liability company, partnership or sole proprietorship, whose state of incorporation, organization, existence or residence is unknown.

7. The Defendant has a mailing address of 6600 N.Military Trail S-413G, Boca Raton, FL 33496.

8. On February 25, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (the "Petition") under chapter 11 of title 11 of the Bankruptcy Code.

9. On February 27, 2009, this Court ordered the procedural consolidation and joint administration of the estates of the Debtors.

10. On July 30, 2009, the Bankruptcy Court entered an order converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code, and on August 3, 2009, the Office of the United States Trustee appointed Montague S. Claybrook as Chapter 7 Trustee.

## COUNT ONE
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

11. The Trustee repeats and re-alleges the allegations contained in all of the proceeding paragraphs of this Complaint as if the same were set forth herein at length.

12. On or within ninety (90) days before the date of the filing of the Petition (the "Preference Period"), the Debtors transferred and/or caused to be transferred, to or for the benefit of the Defendant in the form of one or more payments of monies and/or transfers of goods in, at least, the total amount of $19,001.17, as more specifically set forth below (the "Transfers"):

| Check No. | Check Date | Clear Date | Amount |
|---|---|---|---|
| 85036 | 11/29/08 | 12/01/08 | $1,286.63 |
| 85182 | 12/03/08 | 12/10/08 | $4,023.56 |
| 85256 | 12/09/08 | 12/15/08 | $1,371.88 |
| 85326 | 12/17/08 | 12/22/08 | $1,222.76 |
| 85404 | 12/22/08 | 12/29/08 | $907.57 |
| 85481 | 12/30/08 | 01/05/09 | $1,207.76 |
| 85547 | 01/06/09 | 01/12/09 | $3,583.41 |
| 85662 | 01/13/09 | 01/20/09 | $477.52 |
| 85727 | 01/20/09 | 01/27/09 | $1,030.10 |
| 86043 | 02/11/09 | 02/17/09 | $3,889.98 |

13. Each of the Transfers constituted a transfer of an interest in property of one or more of the Debtors.

14. The Transfers were made, or caused to be made, for or on account of one or more antecedent debts owed by one or more of the Debtors to the Defendant prior to the date on which such Transfer was made. Each Transfer was made in satisfaction of the Debtors' obligations pursuant to a contract (oral or written) between one or more of the Debtors and the Defendant,

and was payment for goods previously delivered and/or services previously performed by the Defendant on behalf one or more of the Debtors.

15. The Transfers were made while the Debtor was insolvent. The Debtors are presumed to be insolvent pursuant to Section 547(f) of the Bankruptcy Code at the time each Transfer was made.

16. The Transfers enabled the Defendant to receive more than it would have received if the cases were cases under chapter 7 of the Bankruptcy Code, if the Transfers had not been made and if the Defendant received payment of the debt(s) relating to each such Transfer to the extent provided by the provisions of the Bankruptcy Code.

17. Based upon the foregoing, the Transfers constitute avoidable preferential transfers pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT TWO
### (Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 548)

18. Pleading in the alternative, the Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

19. On or within two (2) years before the date of the filing of the Petition (the "Fraudulent Period") and/or following the filing of the Petition, the Debtors transferred and/or caused the Transfers to be transferred, to or for the benefit of, the Defendant.

20. Each of the Transfers constituted a transfer of an interest in property of one or more of the Debtors.

21. The Transfers were made to or for the benefit of the Defendant.

22. One or more of the Debtors received less than reasonably equivalent value in exchange for some or all of the Transfers.

23. The Debtors were insolvent, or became insolvent, and/or had unreasonably small capital in relation to its business or its transactions at the time or as a result of the Transfers, the Debtors' debts were greater than all of the Debtors' property, at a fair valuation, exclusive of property transferred, concealed, or removed with intent to hinder, delay or defraud the Debtors' creditors, and property that may be exempted from property of the estate under Section 522 of the Bankruptcy Code.

24. The Transfers were made within two (2) years prior to the Petition Date.

25. Based upon the foregoing, the Transfers constitute avoidable fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

## COUNT THREE
### (Recovery of Post-Petition Transfers Pursuant to 11 U.S.C. § 549)

26. Pleading in the alternative, the Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

27. After the Petition was filed, the Debtors transferred and/or caused the Transfers to be transferred, to or for the benefit of, the Defendant.

28. Each of the Transfers constituted a transfer of an interest in property of the Debtors.

29. The Transfers were payments by the Debtors to the Defendant for services rendered and/or goods delivered pre-petition.

30. The Transfers constitute one or more post-petition transfers of property of the estate that is authorized only under 11 U.S.C. §§ 303(f) or 542(c) or is not authorized under the Bankruptcy Code or by the Bankruptcy Court.

31. Based on the foregoing, the Transfers constitute avoidable post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550.

## COUNT FOUR
### (Recovery of Avoided Transfers Pursuant To 11 U.S.C § 550)

32. The Trustee repeats and re-alleges the allegations contained in all of the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

33. Pursuant to Sections 547(b), 548(a) and/or 549(a) of the Bankruptcy Code, the Trustee may avoid the Transfers and, pursuant to Section 550(a) of the Bankruptcy Code, the Trustee may recover for the benefit of the estates of the Debtors the Transfers, or the value of the Transfers, from the Defendant.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter judgment in its favor and against the Defendant:

(a) declaring that the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Preference Period, or during the one year period prior to the Petition Date if the Defendant was an insider, that discovery may reveal) to the Defendant constitute avoidable preferential transfers pursuant to Section 547 of the Bankruptcy Code;

(b) declaring that the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Fraudulent Period that discovery may reveal) to the Defendant constitute avoidable fraudulent transfers pursuant to Section 548 of the Bankruptcy Code;

(c) declaring that the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant following the filing of the Petition that discovery may reveal) to the Defendant constitute avoidable post-petition transfers pursuant to Section 549 of the Bankruptcy Code;

(d) avoiding the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Fraudulent Period, during the Preference Period or following the filing of the Petition (in each case, as applicable to the cause of action) that discovery may reveal) and directing and ordering that the Defendant return to the Trustee, pursuant to Section 550 of the Bankruptcy Code, the full value of, and awarding judgment against the Defendant in an amount equal to (i) the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Fraudulent Period, during the

Preference Period or following the filing of the Petition (in each case, as applicable to the cause of action) that discovery may reveal), and requiring the Defendant to immediately pay the foregoing to Trustee; (ii) pre-judgment and post-judgment interest from the date the Transfers (plus the amount of any additional transfers of property of the Debtors to the Defendant during the Fraudulent Period, during the Preference Period or following the filing of the Petition (in each case, as applicable to the cause of action) that discovery may reveal) were made through the date of the payment at the maximum legal rate; and (iii) the Trustee's attorneys' fees and costs incurred in this suit;

   (e) if the Defendant filed a proof of claim pursuant to Section 501 of the Bankruptcy Code (a "<u>Filed Claim</u>"), then disallowing the Filed Claim until such time as (i) the Defendant turns over to the Trustee any property deemed recovered pursuant to Section 550 of the Bankruptcy Code, and/or (ii) the Defendant has paid the amount for which the Defendant is liable pursuant to Section 550 of the Bankruptcy Code; and

   (f) awarding Trustee such other and further relief as may be just and proper.

    FOX ROTHSCHILD LLP

    By:    */s/ Seth A. Niederman*
     Seth A. Niederman, Esquire (No. 4588)
     919 N. Market Street, Suite 1300
     Wilmington, DE 19801-3046
     Tel. (302) 427-5512/Fax (302) 622-8920
     sniederman@foxrothschild.com

      -and-

     Michael G. Menkowitz, Esquire
     Mark G. McCreary, Esquire
     2000 Market Street, Twentieth Floor
     Philadelphia, PA 19103-3222
     Tel. (215) 299-2010/Fax (215) 299-2150
     mmccreary@foxrothschild.com

     *Attorneys for Montague S. Claybrook*
     *Chapter 7 Trustee*

Dated: January 28, 2011